UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

Jonathan Kaczmarski
      Plaintiff
v.                                                        C.A. No.

Joseph G. Samartano, Jr., D.D.S.;
Daniel J. Kane, D.M.D., M.A.;
Andrea Echevarria;
Prospect Chartercare, LLC;
Prospect Chartercare SJHSRI, LLC.;
Prospect Medical  Holdings, Inc.;
CharterCare Health Partners;
St. Joseph Health Center;
Our Lady of Fatima Hospital
           Defendants

## VERIFIED COMPLAINT

Plaintiff, Jonathan Kaczmarski, (Hereinafter "Kaczmarski") hereby files this Complaint against Joseph G. Samartano, Jr., DDS; Dr. Daniel J. Kane, D.M.D., M.A.; Andrea Echevarria; Prospect Chartercare, LLC; Prospect Chartercare SJHSRI, LLC.; Prospect Medical Holdings, Inc.; Chartercare Health Partners; St. Joseph Health Center; Our Lady of Fatima Hospital, and in support thereof state as follows:

## INTRODUCTION

1. The Plaintiff was subject to various form of defamation and retaliation by the Defendants as outlined below:

## PARTIES

2. Plaintiff Jon Kaczmarski is a citizen and domiciliary of the State of North Carolina with a home address of 781 Peninsula Dr.; Davidson, NC 28036.

3. Defendant Joseph G. Samartano, Jr., DDS, Chief, Division of Dentistry and Oral and Maxillofacial Surgery, St. Joseph's Health Center and is a citizen on the State of Rhode Island. At the times of the events cited in this action, Defendant Kane, D.M.D., M.A. was the Dental Director at St. Joseph's Health Center, 21 Peace Street, Providence, RI 02907. Upon information and belief, Defendant Kane was employed by Defendant Chartercare, as well as NYU Medical Center and served as the Program Director for Advanced Education in Pediatric Dentistry Program—NYU Lutheran Medical Center. Defendant Kane is a citizen of the State of Rhode Island.  Defendant Andrea Echevarria was an employee of the Defendants and is a citizen of the State of Rhode Island.  Defendants Prospect Chartercare, LLC, Prospect Chartercare SJHSRI, LLC., and Prospect Medical Holdings, Inc. are foreign corporations, with a principal office located at 3415 Sepulveda Blvd., 9th Floor, Los Angeles, CA 90034--- these corporations maintain a medical facility(ies) in the State of Rhode Island, at which Plaintiff worked.  Defendant St. Joseph's Health Center, has a principal place of business located at 21 Peace Street, Providence, RI 02907. Defendant Our Lady of Fatima Hospital, has a principal place of business located at 200 High Street, North Providence, RI 02904.  At all times, the Defendants were sufficiently joined but the purposes of being held jointly and severally liable in this action.

## JURISDICTION

4.  Subject matter jurisdiction is appropriate pursuant to 28 U.S.C. §1332, because the amount in controversy exceeds $75,000.00 and because there exists complete diversity between plaintiffs and defendants.  Plaintiff  is an individual domiciled in the State of North Carolina.  All Defendants in this matter have complete diversity with the Plaintiff,

either being citizens of a different state or being incorporated and/or doing business in another state.

## VENUE

5. Venue is appropriate pursuant to 28 U.S.C. §1391(a), because defendants are subject to personal jurisdiction in this District, and a substantial part of the events and actions giving rise to the claims asserted herein occurred in this District.

6. Venue is proper in this district pursuant to, inter alia, 28 U.S.C. 1391(b) and (c) and 42 U.S.C. 2000e-5(f)(3), because:

the alleged unlawful practices occurred and are continuing to occur within the State of Rhode Island, and in this judicial district;
all records relevant to the alleged unlawful practices are maintained and administered in the Defendants' place of business in Providence, Rhode Island, within this judicial district; and the Plaintiff would currently be employed by the Defendant at its place of business in Providence, Rhode Island, within this judicial district, as a full-time employee, but for the Defendants' unlawful employment practices.

## FACTS

7. Plaintiff was employed by New York University Lutheran Health Systems, with a residency placement in the Division of Dentistry at St. Joseph's Health Center, Fatima Hospital, and Prospect Chartercare, LLC., commencing July 1, 2016.

8. Neal Denby, DMD, MPH, is Director, Department of Dental Medicine, NYU Lutheran Medical Center, 150 55th Street, Brooklyn, NY 11220.

9. There is no documentation to substantiate any deficiencies in the Plaintiff's performance during the first 11 months of his residency. Faculty evaluations indicated a general consensus that the Plaintiff had above average clinical skills.

10. Plaintiff was complimented on his performance by Defendant Samartano and others.

11. If there were any deficiencies in Plaintiff's academic/clinical performance, there is no written counseling to evidence same, consistent with Defendants' published policies on such matters.

12. In early 2017, Plaintiff complained in good faith, to various program authorities, that proper protocols were not being followed by the program.  The complaints included the facts that attending doctors were allowed to go home and residents were directed to continue working on patients, without an attending present, contrary to pertinent requirements. Such actions encouraged residents to see patients without proper medical consults and clearance, contrary to existing protocols and was potentially unlawful. Plaintiff complained, in writing, to the Commission on Dental Accreditation ("CODA") regarding illegal and improper residency performance. CODA has the power to close residencies.

13. The failure to follow such protocols resulted in an incident, in October 2016, in which the wrong tooth was extracted by a resident in a procedure being conducted at St. Joseph's clinic.   Authorities, including Defendant Samartano, were aware of this incident but took no corrective action.  This incident is required by law to be reported to  the state of Rhode Island as a morbitity and mortality report and, upon information and belief, it was not reported.

14. On another occasion, Plaintiff was forced to treat a patient who had HIV, without a proper medical consult, medical clearance or formal approval for treatment.  Plaintiff complained that the patient should be rescheduled, but the attending dentist forced him to perform treatment, without medical clearance, putting the patient, future patients, staff and the Plaintiff  potentially at risk.

15. In December, 2016, Plaintiff was chastised by a main hygienist in front of patients after objecting to performing certain procedures which he was not comfortable.  The Plaintiff reported this misconduct to his superiors in writing.

16. The circumstances referenced in the preceding paragraphs resulted in repeated incidents of retaliation against Plaintiff by Defendants Kane and Samartano, and the Human Resources Office, CharterCare.

17. Such retaliation included but was not limited to:

- the Plaintiff being compelled to complete all on-call emergency cases at Hasbro Hospital per a remediation plan at the direction of Defendant Kane;

- Defendant Kane making threats against Plaintiff's career;

- Defendant Kane suggesting that Plaintiff "may not be in the program any longer";

- Defendant Kane threatening unwarranted disciplinary action;

- Defendant Kane marking Plaintiff absent and unpaid without basis;

- Defendant Kane compelling Plaintiff to provide certain doctor's notes for excused absences which were not required per NYU policies and procedures;

-  Telling Plaintiff he was "unteachable";

- Taking actions that would preclude Plaintiff from applying for insurance and hospital privileges;

- And other retaliatory conduct.

18. The retaliation and harassment to which Plaintiff was subjected continued to worsen until June, 2017 when the Defendants took unwarranted steps to remove Plaintiff from the residency program.

19. By letter dated June 15, 2017, Defendant Samartano wrote to Neil Denby, initiating Plaintiff's removal from his placement at the St. Joseph's Health Center to a program location in New York. This letter was copied to Martin Lieberman. DDS., the Vice President on Graduate Dental Education, NYU Medical Center.

20. In the letter referenced above letter, Samartano falsely stated that, among other statements, that Plaintiff:

- Was reluctant to accept and follow faculty recommendations;

- Demonstrated an inability or unwillingness to adhere to program protocols;

- That Rhode Island faculty were uncomfortable working with Plaintiff;

- That Plaintiff was incapable of completing a remediation plan successfully (Notably, NYU immediately stopped this remediation plan after written complaint by the Plaintiff);

- That faculty were unwilling to commit to supervising him through remediation;

- That Plaintiff lacked the clinical skill and ability to learn successfully at his current placement;

- That Plaintiff exhibited clinical deficiencies;

- That Plaintiff exhibited time management issues;

- That Plaintiff exhibited documentation problems;

- That Plaintiff exhibited an inability to take direction;

- That Plaintiff was disruptive to operations and the St. Joseph Health Center.

21. The statements above falsely impugned the Plaintiff's professional skills, subjected him to ridicule among faculty and fellow students, and were undertaken with the specific and

willful intent to ruin Plaintiff's career at his current placement in Rhode Island and to force his transfer to another location.

22. Based on the above statements, which Samartano knew or should have known were false, Samartano requested of Denby that Plaintiff be relocated from his current placement effective June 16, 2017.

23. On June 16, 2017, Defendant Andrea Echevarria published to third parties and posted in various locations at Our Lady of Fatima Hospital, a photograph of the Plaintiff along with a copy of an email she sent to over twenty of Plaintiff's coworkers, superiors and other individuals. (Attachment A)

24. Copies of this email and photograph were posted in the workplace outside the physician's lounge, near the physicians' locker room, and at one or more entrances to the facility, placing it in plain sight of the public including but limited to Plaintiff's coworkers, superiors, patients, prospective patients and other third parties.

25. The subject matter of this email was "Employee Termination Concern"

26. The content of the posted email referred to Plaintiff by name and had his picture on it. The email read in pertinent part that "Today, Jonathan Kaczmarski who is a resident of Pediatric dentistry was terminated. Staff on the Pediatric Dentistry floor are very concerned that Jonathan Kaczmarski will come back and retaliate upon his termination."

27. At the closing of this email, it stated, "Jonathan Kaczmarski drives a red Toyota Prius RI Plate EV-915. Please be aware."

28. This email and the derogatory content therein was false, misleading and without factual basis.

29. This email and public posting indicates that the information therein was provided to Defendant Echevarria by the Defendants Samartano and Kane and, on good faith information and belief, was posted at their direction for no purpose other than to impugn Plaintiff's good name and character.  .

30. This email and public posting had the result of lowering the esteem in which the Plaintiff was held by his patients, coworkers, superiors and other third parties; and falsely characterized him, without basis, as a violent threat to the hospitals, his colleagues, patients and the public.

31. This conduct was intentionally taken by the Defendants to demean and falsely reflect on the Plaintiff, his professional standing and his mental stability.

32. Defendants' conduct resulted in damage to Plaintiff's career as a medical professional and his professional and personal reputations. Plaintiff continues to suffer from humiliation, embarrassment, and emotional distress, severe and ongoing financial loss and hardship due to this false and defamatory communication.

33.  The Employer took no steps to remedy this misconduct or to address the false and disparaging statements made against the Plaintiff.

34. As a further result of the email and public posting, Plaintiff became the brunt of false and outrageous rumors that he had engaged in serious misconduct, including but not limited to, that he engaged in sexually inappropriate behavior.  For example, certain residents and staff are believed to have stated that the posting regarding the Plaintiff suggested a comparison to the television program "To Catch a Predator."

35.  On June 16, 2017, Plaintiff was escorted by authorities from the premises.

36.   Plaintiff was not terminated from the dental program, as falsely alleged in the above-referenced posting, but was transferred to complete his training at NYU Lutheran Medical Center, in New York City.

37. Plaintiff completed his training in New York, in a satisfactory manner, without incident or any allegation such as were falsely advanced by the Defendants when he was a resident in the state of Rhode Island.

### Count I—Defamation/False Light/Defamation Per Se
### As to all Defendants

38.   All Paragraphs above, are herein incorporated by reference, in their

entirety.

39. Defendants deliberately, or were negligent in, communicating false and misleading statements to third parties regarding the Plaintiff.

40. Such statements had the result of lowering the esteem in which Plaintiff was held by patients, prospective patients, co-employees, staff and other third parties.

41. Conduct by the Defendants was intentionally undertaken to demean and falsely reflect on Plaintiff, his professional acumen, and falsely characterized him as a threat to the public.

42. Defendants' conduct resulted in damage to Plaintiff's professional and personal reputations. Plaintiff continues to suffer from humiliation, embarrassment, and emotional distress and the business continues to suffer severe and ongoing financial loss and hardship.

43. Defendants made false statements which invaded Plaintiff's privacy by giving the

public a misleading impression of Plaintiff, publishing false and misleading facts about the Plaintiff,  publishing personal information about the Plaintiff including the type of car he drove and his license plate number and falsely portraying Plaintiff as a threat to the public.

44. The defamatory conduct undertaken by the Defendants adversely reflected on the Plaintiff's professional ability, profession and trade.

45. Defendants' actions were undertaken in a reckless manner, or

intentionally for the purpose of causing, and had the effect of causing Plaintiff to suffer severe emotional distress, which distress has been and will continue to be accompanied by a variety of physical and emotional manifestations.

43. As a direct, proximate, foreseeable, and/or intended result of Defendants'

unlawful conduct, Plaintiff was shocked, humiliated, embarrassed, and endured pain and suffering of mind and body, and has suffered, and will continue to suffer in the future, extreme physical and emotional distress, with resulting physical and emotional manifestations.

WHEREFORE, Plaintiff prays for the relief in their favor and against the Defendants, jointly and severally.

## COUNT II -- Intentional Infliction and/or
## Negligent Infliction of Emotional Distress
## As to all Defendants

44.  All Paragraphs above, are herein incorporated by reference, in their entirety.

45. At all relevant times, the above-named Defendants knew or should have known that their unfair and unlawful conduct towards the Plaintiff would result in lowering the Plaintiff's esteem in his career, loss of income, emotional distress and other damages. Despite said knowledge, Defendants engaged in deliberate conduct it knew would result in harm to the Plaintiff.

46.    Defendants knew or should have known that its conduct could put Plaintiff's emotional and physical well-being at risk.

47.    Defendants owed a duty of care to Plaintiff.  Defendants had a duty to take reasonable steps to protect Plaintiff's well-being and to properly supervise its agents and employees.

48.    Defendants breached this duty.

49.    As a direct result of this breach, the Plaintiff suffered gross physical and emotional injuries.

50.    By its malicious conduct, the Defendants acted intentionally, recklessly and/or with deliberate indifference to a substantial probability that severe emotional distress would result to the Plaintiff.

51. The Defendants' actions towards Plaintiff as set forth above, are evidence of a pattern of unlawful behavior which further constitutes extreme and outrageous conduct.

52. The conduct was outrageous in character and extreme in degree, because said conduct was atrocious and egregious, and went beyond all possible bounds of decency and is utterly intolerable in a civilized community.

53. The extreme and outrageous conduct of the above-named Defendants toward Plaintiff was done in a willful and wanton manner, and constituted a disregard for the rights and well-being of Plaintiff.

54. As a direct and proximate result of the Defendants' extreme and outrageous conduct, Plaintiff suffered severe emotional distress. **This emotional distress was accompanied by severe physical symptomology which was causally related to the Defendants intentionally, recklessly and/or negligently engaging in extreme or outrageous conduct, as recounted in Facts above.  The physical manifestations of Plaintiff's emotional injuries include but are not limited to:**

- **Sleep Disturbances**

- **Anxiety**

- **Worry and frustration**

- **Loss of interest in activities that he used to enjoy**

55. Because the Defendants' extreme and outrageous conduct toward Plaintiff was improperly motivated, and was intentional, willful and wanton, Plaintiff is entitled to punitive/exemplary damages in addition to compensatory damages.

WHEREFORE, Plaintiff prays for the relief in his favor and against the Defendants, jointly and severally.

## COUNT III
## THE RI WHISTLEBLOWERS' PROTECTION ACT
## TITLE 28
## SECTION 28-50-1
**As to all Defendants**

56.   All Paragraphs above, are herein incorporated by reference, in their entirety.

57.   The Defendants' conduct as described above was motivated by an intent to retaliate against the Plaintiff because, *inter alia*, he asserted his legally protected rights to avail himself to a lawful working environment and for complaining about conduct which he reasonably believed to be against the Employers' stated and published policies and which was potentially unlawful.

58.    But for the Defendants' intent to retaliate against the Plaintiff because of his conduct referenced in the previous paragraph, Defendants would not have retaliated against the Plaintiff.

59.    Defendant's conduct is in violation of the RI Whistleblowers' Act, RIGL section 28-50-01 *et seq.*

60.    As a result of Defendants' unlawful conduct, Plaintiff has suffered severe distress, with resulting physical and/or emotional injuries, humiliation, harm to his career, harm to his reputation, lost wages, lost opportunities for advancement, attorney's fees, and other damages.

WHEREFORE, Plaintiff prays that judgment be entered herein against the Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT IV**
**Tortious Intentional Interference with a Contractual Relationship**
**Against all Defendants**

61. All Paragraphs above, are herein incorporated by reference, in their entirety.

62. At all relevant times, an express and/or implied contractual relationship or expectancy of continued relationship existed between Plaintiffs and NYU Lutheran Health System.

63. At all relevant times, Defendants knew and/or should have known of the existence of the aforementioned contractual relationship between Plaintiff and these NYU Lutheran.

64. As set forth herein, Defendants had intent to interfere with the contract(s) referenced above.

65. As set forth herein, Defendants actually interfered with the contract(s) or expectancy of the Plaintiffs and the third parties.

66. Defendants' intentional interference with the aforementioned contractual relationship was based upon its own self-serving motives, objectives and desires and wholly improper.

67. The Defendants' intentional interference with the aforementioned contractual relationship was a direct and proximate cause of the injuries, damages and harm suffered by Plaintiff.

68. Because Defendants' conduct towards Plaintiff was improperly motivated, and was intentional, willful and wanton, Plaintiff is entitled to punitive/exemplary damages in addition to compensatory damages.

## DAMAGES

The conduct of Defendants, as set forth herein, in violating Plaintiff's rights, caused injuries, damages and harm to Plaintiff, including, but not limited to, past and future economic loss, past and future non-economic losses, lost net profits, including extreme emotional distress, loss of reputation, shame, humiliation, pain and suffering, inconvenience, mental anguish, impairment in the quality of life; and consequential losses.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in its favor against Defendants, jointly and severally, as follows;

A.  Awarding monetary compensation for Plaintiff for all losses resulting from this action;

B.  Awarding Plaintiffs punitive damages;

C.  Awarding Plaintiff compensatory damages in amount to be shown at trial for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of the quality of life; and consequential loses;

D.  Awarding pre-and-post judgment interest to Plaintiff;

E.  Reimbursing Plaintiffs reasonable attorneys' fees, experts fees and costs; and

F.  For such other and further relief as the Court deems appropriate, equitable and just.

**DEMAND FOR JURY**

Plaintiff, exercises his right under the United States Constitution and applicable statutes and rules and requests that all issues of fact in this action be determined by a jury.

VERIFICATION

I hereby certify that the above is true and complete to the best of my knowledge, information and belief.

*/s/ Jon Kaczmarski*                                        June 10, 2020

_____                    Date:_____

Jon Kaczmarski

Respectfully Submitted,
Jon Kaczmarski,
By his Attorney,
*/s/ Stephen T. Fanning*
Stephen T. Fanning (#3900)
305 South Main Street
Providence, RI 02903
401-272-8250/401-272-4520 Fax